OPINION
{¶ 1} Plaintiff-appellant Teresa Haller appeals from the denial of her motion for a new trial. She contends that the trial court should have granted her motion for a new trial because the jury's failure to award damages for pain and suffering, while awarding damages for medical expenses, is the result of passion and prejudice, is against the manifest weight of the evidence, and is contrary to law.
 {¶ 2} We conclude that the trial court did not abuse its discretion in denying Haller's motion for a new trial. There is nothing in the record to suggest that the jury's verdict was the product of passion or prejudice. There is evidence in the record from which a reasonable jury could have concluded that any pain Haller experienced as the result of defendant-appellee Esther Daily's tortious conduct was de minimus, and that other pain she experienced was not related to the motor vehicle collision in which Haller and Daily were involved. Finally, we conclude that an award of damages to a personal injury plaintiff for medical expenses, without an award of damages for pain and suffering, is not contrary to law, because there may be personal injuries requiring medical attention and treatment that are not accompanied by pain or suffering. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} In late May, 1998, the automobile Haller was driving collided with an automobile being driven by Daily. At trial, Daily conceded that she was at fault in the collision. Therefore, the only issue for the jury was damages.
 {¶ 4} Haller contended that she received a whiplash injury to her neck and back. She was treated for cervical and lumbar strain following the collision.
 {¶ 5} Haller brought this action against Daily for personal injury. Haller and Daily both testified. One of Haller's treating physicians testified by video deposition. Daily presented a video deposition of a physician who had examined Haller for forensic purposes.
 {¶ 6} Following the trial, the jury returned a verdict awarding Haller damages in the amount of $4,851.65. There was one jury interrogatory, which required the jury to indicate components of damages. The jury responded to that interrogatory by indicating that Haller's damages consisted of the following components:
(1) past medical and hospital expenses — $4,511.65;
(2) past lost wages — $340.00;
(3) past pain and suffering — 0; and
(4) past inability to perform usual life activities — 0.
 {¶ 7} Following the announcement of the verdict in open court, Haller moved for a mistrial, based upon the fact that the jury had awarded medical expenses, but had not awarded anything for pain and suffering. After a sidebar discussion, the trial judge offered to send the jury back to deliberate further, with an appropriate instruction, but only if both parties agreed. Daily had no objection to this procedure, but Haller objected. The trial court then indicated that it would receive the verdict and enter judgment accordingly.
 {¶ 8} Four days after the entry of judgment, Haller filed a motion for new trial and for judgment notwithstanding the verdict. In support of her motion for new trial, Haller contended that the verdict was the product of passion or prejudice, that the verdict was against the manifest weight of the evidence, and that the verdict was contrary to law. In support of her motion for judgment notwithstanding the verdict, Haller contended that the judgment was contrary to law. The trial court denied both motions. In its entry denying the motions, the trial court reasoned as follows:
 {¶ 9} "A transcript of the trial was not provided and the court relies upon its recollection and trial notes. There is nothing before the court supporting a conclusion that the jury was influenced by any bias or prejudice. The jury appears to have concluded that any pain and suffering experienced by the Plaintiff was either minimal or related to her condition prior to the accident. There was some evidence upon which the jury could have come to this conclusion."
 {¶ 10} Haller appeals from the judgment of the trial court, and from the denial of her motion for a new trial, but she only assigns error with respect to the denial of her motion for new trial.
 II {¶ 11} Haller's sole assignment of error is as follows:
 {¶ 12} "The trial court committed prejudicial error by failing to grant the plaintiff-appellant a new trial."
 {¶ 13} Haller divides her argument in support of her assignment of error in three parts. In the first part, she contends that the verdict "awarded inadequate damages and appears to have been given under the influence of passion or prejudice."
 {¶ 14} We have reviewed the transcript of the trial, including the opening statements and the closing arguments. We have found nothing in the record to suggest that the jury's verdict was the product of passion or prejudice. Counsel for both parties tried the case in a professional manner, without rancor, and without any obvious appeals to the jury's passion or prejudice. Daily's attorney did point out to the jury some problems with Haller's credibility, as a witness, but the credibility issue was handled with restraint and without much emphasis. In short, we conclude that the trial court did not abuse its discretion by failing to find that the verdict was given under the influence of passion or prejudice. The argument that the damages are inadequate leads us to the next part of Haller's argument, which is that the verdict is against the manifest weight of the evidence, insofar as it fails to make an award for pain and suffering.
 {¶ 15} In connection with Haller's argument that the verdict is against the manifest weight of the evidence, Daily cites Woodfork v.Jones (February 21, 1997), Montgomery App. No. 15841, for the proposition that a verdict awarding damages for medical expenses, but not for pain and suffering, should be analyzed in terms of an inconsistency in the verdict, rather than in terms of the manifest weight of the evidence. Daily then argues that Haller waived any objection to the inconsistency when she rejected the trial court's offer to resubmit the issue to the jury.
 {¶ 16} In our view, Woodfork v. Jones, supra, is distinguishable. In our decision in that case, we concluded that there was evidence in the record to support either one of two propositions: (1) that medical expenses and pain and suffering were caused by the accident for which the defendant was liable; or (2) that neither medical expenses nor pain and suffering were caused by the accident for which the defendant was liable. We evidently concluded that the intermediate proposition — that medical expenses were caused by the accident, but that pain and suffering was not caused by the accident — was not supportable by the evidence in the record in that case. We concluded, therefore, that in awarding damages for medical expenses, but not for pain and suffering, the verdict was internally inconsistent, but was not against the manifest weight of the evidence.
 {¶ 17} In the case before us, by contrast, the issue is whether there is evidence in the record from which a jury could reasonably have found the intermediate proposition for which there evidently was no evidentiary support in Woodfork v. Jones; that is, that although the personal injury plaintiff incurred medical expenses as the result of the defendant's tortious conduct, no pain and suffering was caused by that conduct. For reasons that follow, we conclude that this intermediate finding is not against the manifest weight of the evidence in the case before us.
 {¶ 18} Haller cites Sherwood v. Davis (December 15, 2000), Miami App. No. 2000-CA-34, for the proposition that an award of damages in a personal injury case for medical expenses, without an award for pain and suffering, is necessarily against the manifest weight of the evidence. Upon careful review of that case, we conclude that it is distinguishable.
 {¶ 19} To begin with, in Sherwood v. Davis, the jury had awarded damages of $1,000 "for nature and extent of injuries, effect upon physical health, and inability to perform usual activities," but had awarded no damages for medical expenses or for pain and suffering. There was, then, a different inconsistency in that verdict. The inconsistency was not in the jury's handling of medical expenses versus pain and suffering — the jury awarded nothing for either of these components of damages. The inconsistency was in the jury's having awarded $1,000 "for nature and extent of injuries, effect upon physical health, and inability to perform usual activities," while awarding nothing for pain and suffering. Furthermore, in that case the trial court had exercised its discretion by granting a motion for a new trial, finding that the verdict was against the manifest weight of the evidence. We concluded that the trial court had not abused its discretion in reaching this conclusion. In that case, the trial court had concluded that the jury's verdict was against the manifest weight of the evidence "because the jury had failed to award [plaintiff] any money for medical expenses and pain and suffering when [the defendant's] own expert had agreed that [the plaintiff] had incurred reasonable and necessary medical expenses as a direct and proximate result of the accident and that [the plaintiff] had suffered some injury." Even more telling, although not reflected in our opinion, is the fact that the jury awarded the plaintiff $1,000 "for nature and extent of injuries, effect upon physical health, and inability to perform usual activities." Under the circumstances of that case, we concluded that the trial court was within its discretion in determining that the verdict was against the manifest weight of the evidence, and that a new trial should therefore be granted, pursuant to Civ.R. 59(A)(6).
 {¶ 20} Although the circumstances in the case before us are similar to the circumstances in Sherwood v. Davis, supra, we conclude that the trial court in the case before us acted within its discretion in determining that the verdict in this case, which awarded Haller damages for medical expenses, but nothing for pain and suffering, was not against the manifest weight of the evidence. Daily's expert, Dr. Michael Kramer, testified that it was his opinion that Haller "probably had a mild cervical strain, but it would be very difficult to assume that there was anything more then that and that that mild cervical strain probably caused some muscle tension headaches initially." There was evidence that Haller "had arthritis and other degenerative prosthesis going on in her neck." A reasonable construction of Dr. Kramer's testimony is that apart from mild headaches within the first thirty days following the accident, which would be treatable with ordinary analgesics, any pain Haller experienced was more likely to have been related to her arthritis.
 {¶ 21} We recognize that the proximate cause issue was vigorously contested. Nevertheless, we agree with the trial court that there is some evidence in this record from which the jury could reasonably have come to the conclusion "that any pain and suffering experienced by [Haller] was either minimal or related to her condition prior to the accident." Accordingly, although the issue is close, we conclude that the verdict in this case is not against the manifest weight of the evidence, and that the trial court did not abuse its discretion by denying the motion for a new trial upon that ground.
 {¶ 22} Finally, Haller contends that a verdict awarding damages for medical expenses, while awarding nothing for pain and suffering, is contrary to law. Although Haller cited no authorities in support of this proposition, a number of the authorities cited by Haller in support of her proposition that an award of damages for medical expenses without an award of damages for pain and suffering is against the manifest weight of the evidence do appear to stand for this proposition. See, for example,Guckes v. Feusner (March 22, 1996), Hancock App. No. 5-95-39, in which it was held that: "once a jury awards a personal injury plaintiff the special damages of medical expenses, some award for pain and suffering should be rendered, even if nominal, as it is only reasonable to conclude that if there are legitimate medical expenses there must have been some pain and suffering for plaintiff to seek medical treatment in the first instance."
 {¶ 23} In our view, this reasoning misapprehends the proper function of nominal damages. Nominal damages have been held to be those damages "recoverable where a legal right is to be vindicated against an invasion thereof which has produced no actual loss of any kind, or where, from the nature of the case, some injury has been done, the extent of which the evidence fails to show." Lacey v. Laird (1956),166 Ohio St. 12, second paragraph of syllabus. See, also, 30 Ohio Jur.3d 12, Damages § 4. Thus, nominal damages are awardable to vindicate a right where compensatory damages cannot be proven. In the case before us, however, an award of nominal damages is not necessary. Compensatory damages have properly been awarded to vindicate Haller's right to have other motorists using the highways, in this case, Daily, use ordinary care. Thus, there is no need to resort to an award of nominal damages.
 {¶ 24} The proposition that an award of medical expenses in a personal injury case without an award for pain and suffering is contrary to law requires the conclusion that there can be no set of facts in a personal injury negligence case in which a plaintiff would be entitled to recover the one type of damages, but not the other. We conclude that this proposition is not supportable. A person may sustain an injury that requires medical treatment, even though the injury is not accompanied by pain or suffering. Although it is not ordinarily the result of a traumatic injury, the onset of cancer, for example, if diagnosed early, is often unaccompanied by pain or suffering, but nevertheless requires medical treatment. Although instances of injury requiring medical treatment, unaccompanied by pain or suffering, may be rare, we are not prepared to hold that these instances can never exist, as a matter of law.
 {¶ 25} Haller's sole assignment of error is overruled.
 III {¶ 26} Haller's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
GRADY and YOUNG, JJ., concur.